Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham G. Lambert, Esq. SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Paul Stevens, SBN: 207107
(pstevens@stevenslc.com)
**STEVENS, L.C.**
700 S. Flower Street, Suite 660
Los Angeles, California 90071
Telephone: (213) 270-1211
Facsimile: (213) 270-1223

Attorneys for Plaintiff James C. Kang,
and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. KANG, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. **FAILURE TO PAY MINIMUM WAGES;**<br>2. **FAILURE TO PAY OVERTIME WAGES;**<br>3. **FAILURE TO PAY VACATION TIME;**<br>4. **FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD;**<br>5. **FAILURE TO PAY ALL WAGES UPON SEPARATION;**<br>6. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT,** *BUS. & PROF. CODE* §17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

---

**CLASS ACTION COMPLAINT**

Plaintiff James C. Kang ("Plaintiff") is informed and believe, and on that basis allege, as follows:

## NATURE OF THE ACTION

1. This is a California state-wide class action for wage and labor violations arising out of, among other things, Defendant Wells Fargo Bank, N.A.'s ("Defendant" or "Wells Fargo") failure to compensate their mortgage sales force in compliance with California law. As more fully described herein, Defendant paid Plaintiff and class members based on a sales commission, and fails to pay them for all time worked, for overtime, vacation pay, or in certain circumstances their full commission rate.

2. Plaintiff seeks among other things, all wages, restitutionary disgorgement, and statutory remedies.

## PARTIES

3. Plaintiff James C. Kang was, at all relevant times, a resident and citizen of the State of California. Plaintiff Kang was employed by Defendant as a mortgage broker in Defendant's Palo Alto Branch, in the State of California, during the liability period as alleged herein. Plaintiff Kang started with Defendant in approximately October 2000 and, other than a short break in employment in 2011, was employed by Defendant through May 2015.

4. Defendant Wells Fargo Bank, N.A. is a bank, that is authorized to conduct and is actually conducting business in the State of California, and that designates its main office in South Dakota.

5. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff

is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

6.   Plaintiff is informed and believes and thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

7.   This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA"). The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## FACTUAL ALLEGATIONS

8.   Plaintiff and the Class worked as Home Mortgage Consultant, Private Mortgage Banker, Home Mortgage Consultant Jr., and/or Private Mortgage Banker, Jr. (collectively "HMCs") for Defendant selling mortgages. Defendant paid Plaintiff and Class members based on a sales commission. Defendant paid

Plaintiff and the Class members advances on commissions at approximately $12 per hour, but then clawed back the hourly advances from the commissions.

9.  Defendant's pay plan failed to compensate for non sales work. Defendant failed to pay Plaintiff and Class members for all hours worked, including but not limited to, mandatory meetings, loan processing, training and coaching sessions, loan tracking, customer surveys, attending open houses, attending events and galas, and working on certain nights or weekends.

10. Defendant was also required to pay Plaintiff and class members vacation time, referred to as Paid Time Off. Defendant made transfers of monies for that time to Class members, but also subtracted or clawed that back from Class members' commission.

11. When Class members worked shifts over eight (8) hours per day, or over forty (40) hours per week, Defendant did not pay them overtime in accordance with law. This claim relates to on-the-clock overtime hours that are actually recorded for Plaintiff and Class members in Defendant's records. Defendant subtracted and clawed back from Plaintiff's commission the hourly rate portion that was paid for overtime. Thus, Defendant only paid Plaintiff 50% of the hourly rate for overtime, rather than time and half. Defendant also failed to base overtime on Plaintiff and Class members' regular rate of pay.

12. Plaintiff and Class members received commission based on a percentage, referred to as basis points, for mortgage loan they originated ("HMC leads"). Plaintiff and Class members were paid a lesser percentage where the mortgage lead was referred to them by the bank branch ("Bank leads"). Defendant had a program whereby prospective customers would receive a reduced mortgage rate if the opened a new account with Wells Fargo, and had their mortgage payments automatically deducted from that account. Plaintiff and Class members referred their HMC leads in connection with a mortgage origination to the Wells Fargo banker to open and account and set up automatic mortgage payment

deduction. Once the account was open, Wells Fargo would improperly reclassify the lead as a Bank lead, and pay Plaintiff and Class members the reduced commission rate. Defendant's branch managers, regional managers, and the bank itself made more money on Bank leads than HMC leads, and thus had a financial motive to reclassify loans. Any loan where an HMC first created loan origination documents, and a bank account was subsequently created for automatic mortgage deductions, is an HMC lead, and should be credited and paid as a HMC lead. Defendant failed to pay for such leads as HMC leads, and deprived Plaintiff and Class members of wages.

13.  Defendant's conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the Class for failing to pay minim wages, overtime wages, vacation pay, and full commissions on certain loans, as well as failing to pay all wages owed on each pay period, failure to pay all wages owed upon termination, and unfair competition.

14.  Plaintiff is a member of and seeks to be the representative for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

15.  Plaintiff brings this action on behalf of herself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> All current or former California residents who worked for Defendant as HMCs at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period").

16.  Plaintiff reserves the right to amend or otherwise alter the sub-class definitions presented to the Court at the appropriate time, or to propose or

eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

17. This action has been brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure § 382 and other applicable law, as follows:

18. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

19. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

   a. Whether Defendant's pay plan of advancing an hourly wage against commissions is akin to an interest free loan against the commission
   b. Whether Plaintiff and each member of the Class were not paid minimum wage for each hour worked or part thereof during which they were required to perform acts at the direction and for the benefit of Defendant;
   c. Whether Plaintiff and each member of the Class were not paid minimum wage for non-sales time worked during the Class period;
   d. Whether Defendants failed to pay Plaintiff and Class members for overtime because they clawed back or subtracted the hourly pay.
   e. Whether Defendants failed to pay Plaintiff and Class members for overtime in compliance with California law because they did not pay based on Plaintiff and Class members regular rate of compensation.
   f. Whether Defendant failed to pay Plaintiff and Class members for vacation time, also referred to as Paid Time Off.

g. Whether Defendant failed to pay Plaintiff and the Class wages based on their full commission rate for HMC leads that are referred for an account to be opened and used for automatic mortgage deductions.

h. Whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein.

i. The nature and extent of class-wide injury and the measure of damages for the injury.

20. **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a mortgage consultant for Defendant, was exposed and subjected to the same unlawful business practices as other mortgage salespersons employed by Defendant during the liability period. Plaintiff and the members of the class she represents sustained the same types of damages and losses.

21. **Adequacy:** Plaintiff is an adequate representatives of the Class they seeks to represent because their interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and their counsel.

22. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress

the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

23. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
(Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 4-2001, §4)
(Against All Defendants)

24. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

25. Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work." Labor Code §1197 provides: "The minimum wage for

employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

26. Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

27. Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

28. Pursuant to IWC Wage Order No. 4-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

29. Plaintiff and Class members were required to work non-selling time, for which they were not compensated, in violation of California's minimum wage laws. This includes, but is not limited to, including but not limited to, mandatory meetings, loan processing, training and coaching sessions, loan tracking, customer surveys, attending open houses, attending events and galas, and working on certain nights or weekends. Plaintiff engaged in such non-sales work through his last date of employment in May 2015.

30. At all times relevant during the liability period, under the provisions of Wage Order No. 4-2001, Plaintiff and each Class member should have received

not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

31. For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiff and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

32. At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the amounts owed.

33. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated drivers, and Defendants has done so continuously throughout the filing of this complaint.

34. As a direct and proximate result of Defendants' violation of Labor Code §§ 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiff, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq.*

35. Plaintiff and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY ALL OVERTIME WAGES
### (Violation of *Labor Code* §§ 510 and 1194; Wage Order No. 4-2001, § 3)

36. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

37. California *Labor Code* §510 provides that, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee...."

38. Section 3(a)(1) of Wage Order No. 4-2001 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight (8) hours in a day or forty (40) hours in a week, and two times their regular rate of pay for any work in excess of twelve (12) hours in one day.

39. At all times relevant hereto, Plaintiff and members of the Class were non-exempt for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage Order No. 4-2001. During the Class period, Plaintiff and other members of the Class consistently worked overtime that was recorded by Defendant in its records. Defendant advanced the hourly rate, times 50%, but that clawed and subtracted back the hourly rate from commission. Thus, in effect, Plaintiff and class members were being paid only 50% of the hourly rate Defendant had established for overtime. Plaintiff were not paid time and a half for overtime, and were not paid overtime based on their regular rate of pay. Defendant failed to pay Plaintiff and the Class overtime as required by California Law.

**CLASS ACTION COMPLAINT**

40. Plaintiff and the Class seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY VACATION TIME
### (Violation Of Labor Code § 227.3)

41. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

42. Labor Code § 227.3 requires employers to pay all vacation time owed upon termination of employment. Defendant failed to provide or pay Plaintiff and Class members for vested vacation time in accordance with section 227.3.

43. Plaintiff and Class members were not paid their vacation time, because Defendant deducted it from their commission. Plaintiff and Class members were denied vested vacation pay, and were not provided it when they ceased employment.

44. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and Class members have been deprived of compensation in amounts to be determined at trial.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD
### (Violation of Labor Code § 204)
### (Against All Defendants)

45. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

46. California Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

47. At all times relevant during the liability period, Defendants failed to pay Plaintiff and the Class the full amount of all owed wages when due as required by California Labor Code § 204.

12
CLASS ACTION COMPLAINT

48. Defendants failed to pay Plaintiff and other similarly situated employees all wages earned each pay period. Plaintiff are informed, believe, and thereon allege, that at all times relevant during the liability period, Defendants maintained a policy or practice of not paying Plaintiff and other similarly situated employees: (i) minimum wages for all hours worked; (ii) overtime wages for all overtime hours worked; (iii) vacation pay, or paid time off; and (iv) full commissions on mortgage loans set for automatic deductions from a Wells Fargo bank account.

49. As a result of Defendants' unlawful conduct, Plaintiff and members of the each Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages each pay period. The precise amount of unpaid wages is not presently known to Plaintiff but can be determined directly from Defendants' records or indirectly based on information from Defendants' records.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES DUE AT SEPARATION
### (Violation of Labor Code § 203)

50. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

51. California Labor Code §§ 201 and 202 requires Defendant to pay all compensation due and owing to former mortgage salespersons at or around the time employment is terminated. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

52. At all times relevant during the liability period, Plaintiff and the other members of the Class were employees of Defendant covered by Labor Code § 203.

53. Plaintiff and the Class were not paid for their work performed, as set forth herein, including minimum wage for non-sales time, overtime pay, vacation pay, or their proper commission for certain loans.

54. Defendant willfully failed to pay Plaintiff and other members of the Class who are no longer employed by Defendant for their uncompensated hours, uncompensated overtime, and for other items alleged herein upon their termination or separation from employment with Defendant as required by California Labor Code §§ 201 and 202. As a result, Defendant is liable to Plaintiff and other members of the Class who are no longer employed by Defendant for all wages or compensation owed, as well as waiting time penalties amounting to thirty days wages for Plaintiff and each such Class member pursuant to California Labor Code § 203.

## SIXTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
### (Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)

55. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

56. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

57. Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

58. Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes and regulations alleged herein; failure to pay Class members wages and compensation they earned through labor provided; violating California Labor Code § 204 and employees fundamental right to be paid wages in a timely fashion for their work; and failing to otherwise compensate

Class members, as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the amount of wages or compensation due.

59. Plaintiff has standing to assert this claim because she has suffered injury in fact and has lost money as a result of Defendant's conduct.

60. Plaintiff and the Class seek restitutionary disgorgement from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For all unpaid minimum wages and liquidated damages due to Plaintiff and each Class member on their minimum wage claim

C. For all unpaid overtime wages and liquidated damages due to Plaintiff and each Class member on their overtime wage claim;

D. For all unpaid vacation pay, or paid time off, and liquidated damages due to Plaintiff and each Class member on their vacation wage claim;

E. For all unpaid commission, and liquidated damages due to Plaintiff and each Class member on their unpaid commission claim

F. For all applicable statutory penalties under the Labor Code;

G. For restitutionary disgorgement pursuant to the UCL;

H. An order enjoining Defendant from further unfair and unlawful business practices in violation of the UCL;

I. Prejudgment interest at the maximum legal rate;

J. Reasonable attorneys' fees;

K. Accounting of Defendant's records for the liability period;

L. General, special and consequential damages, to the extent allowed by law;

M. Costs of suit; and

N. Such other relief as the Court may deem just and proper.

DATED: October 27, 2017          **HAFFNER LAW PC**

                         By:     /s/ Joshua H. Hafner
                                 Joshua H. Haffner
                                 Attorneys for Plaintiff and others
                                 Similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the Class members on all claims so triable.

DATED: October 27, 2017              **HAFFNER LAW PC**

                                By:   /s/ Joshua H. Haffner
                                      Joshua H. Haffner
                                      Attorneys for Plaintiff and others
                                      Similarly situated

17
CLASS ACTION COMPLAINT