1  Joshua H. Haffner, SBN 188652
   (jhh@haffnerlawyers.com)
2  Graham G. Lambert, SBN 303056
   (gl@haffnerlawyers.com)
3  **HAFFNER LAW PC**
   445 South Figueroa Street, Suite 2625
4  Los Angeles, California 90071
   Telephone: (213) 514-5681
5  Facsimile: (213) 514-5682

6  Paul D. Stevens, SBN 207107
   (pstevens@stevenslc.com)
7  Lauren A. Bochurberg, SBN 333629
   (lbochurberg@stevenslc.com)
8  **STEVENS, LC**
9  1855 Industrial Street, Suite 518
   Los Angeles, California 90021
10 Telephone: (213) 270-1211
   Facsimile: (213) 270-1223
11
12 *Attorneys for Plaintiffs James C. Kang,
   Michael Moses, and the Certified Class*

13 *Additional Counsel on following page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. KANG, an individual, MICHAEL MOSES, an individual, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive,<br>Defendant. | Case No. 5:17-cv-06220-BLF<br><br>Case No. 5:21-cv-00071-BLF<br><br>[~~REVISED PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| , JACQUELINE F. IBARRA, an individual, on behalf of herself and all others similarly situated,<br>Plaintiffs,<br>v.<br>WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive,<br>Defendant. | |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

(continued from previous page)

Michael Rubin, SBN 80618
mrubin@altshulerberzon.com
Eileen B. Goldsmith, SBN 218029
egoldsmith@altshulerberzon,com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Attorneys for Plaintiffs James C. Kang and Michael Moses*

Plaintiffs Michael Moses, James C. Kang, and Jacqueline F. Ibarra's Motion for Preliminary Approval of Class Action Settlement came before this Court on March 18, 2021 at 9:00 a.m. The Court, having fully reviewed Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities and Declarations filed in support thereof, including the Stipulation of Settlement ("Settlement Agreement") and Notice of Class Action Settlement ("Notice"), and for good cause appearing, hereby makes the following findings and orders:

1.  Except as expressly stated in this Order, all capitalized terms defined in the Settlement Agreement shall have the same meaning when used in this Order.

2.  The Court grants preliminary approval of the proposed settlement based upon the terms set forth in the Settlement Agreement, which is attached as Exhibit A to the Declaration of Paul D. Stevens and is incorporated in full and made part of this Order.

3.  The Settlement Agreement is entered into between Plaintiffs Michael Moses, James C. Kang, and Jacqueline F. Ibarra ("Plaintiffs") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively "the Parties"), and is intended as a global settlement of all claims asserted in this action, which was previously consolidated with *Moses v. Wells Fargo Bank, N.A.*, United States District Court, Northern District of California, Case No. 3:18-cv-06679, and in *Ibarra v. Wells Fargo Bank, N.A.*, United States District Court, Northern District of California, Case No. 5:21-cv-00071.

4.  The Settlement is within the range of reasonableness of a settlement that could ultimately receive final approval from this Court and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court. The Settlement creates a non-reversionary Gross Fund Value of $95,696,122.35, consisting of $25,696,122.35 already paid by Wells Fargo toward satisfaction of the judgment in *Ibarra* and partially distributed to the class members in *Ibarra*, plus $70,000,000.00 in additional funding to be paid by Wells Fargo. The remaining portion of the amount already paid toward satisfaction of the *Ibarra* judgment would also be distributed through this Settlement. The Court notes that if final approval is granted, the aggregate Gross Settlement Value will be used to fund

-3-
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

the following payments: an award of reasonable attorneys' fees to Class Counsel not to exceed one-third of the Gross Fund Value ($31,898,707) plus litigation expenses actually incurred not to exceed $100,000; a payment of $562,500 to the California Labor and Workforce Development Agency ("LWDA") for the State of California's share of civil penalties under the Labor Code Private Attorneys' General Act ("PAGA"); service awards of up to $10,000 each to Class Representatives Moses and Kang; reasonable settlement administration costs; and the remaining Net Fund Value to be distributed as individual settlement payments to Settlement Class Members. Wells Fargo has further agreed to pay the employer's share of payroll taxes on the portion of the individual settlement payments to Settlement Class Members that is allocated to wages, as set forth in the Settlement Agreement.

5. The Court finds and concludes that the proposed global Settlement is the result of serious, informed, arms'-length negotiations between the parties, conducted after Class Counsel had adequately investigated Plaintiffs' claims, engaged in substantial motion practice and discovery, and become familiar with the strengths and weaknesses of their claims in *Kang* and *Ibarra*. The Settlement does not improperly grant preferential treatment to any individual or segment of the Settlement Class and does not contain any obvious deficiencies. The parties reached agreement with the assistance of an experienced mediator, David Rotman.

6. The Court finds that a single settlement approval process for this proposed global settlement is appropriate. The proposed settlement was negotiated by Wells Fargo and Plaintiffs in *Kang* and *Ibarra* with the intent that it would fully resolve all pending claims in both actions. Plaintiffs in *Kang* and *Ibarra*, and the classes they represent, are represented by the same Class Counsel, and Wells Fargo is represented by the same counsel in both cases. The certified classes and issues presented in *Kang* and *Ibarra* substantially overlap. A single settlement approval process is necessary and desirable to conserve judicial resources, to avoid the possibility of conflicting outcomes if different aspects of the settlement were subject to separate approval processes in different courts at different times, and to prevent the risk of class member confusion where hundreds of individual class members might otherwise be entitled to two settlement notices permitting them to participate in, object to, or opt out of different parties of the settlement

on different timelines. It is appropriate for this Court to preside over the single, global settlement approval process because *Kang* includes all of the claims encompassed by both the *Kang* and *Ibarra* actions.

7. In accordance with the Settlement Agreement, the Court hereby preliminarily certifies the following Class for the purposes of settlement only: All individuals who worked for Wells Fargo in the State of California in the job title of Home Mortgage Consultant, Home Mortgage Consultant Jr., Private Mortgage Banker, or Private Mortgage Banker, Jr. at any time between March 17, 2013 and December 31, 2019.

8. In accordance with the Settlement Agreement, the Court hereby preliminarily certifies the following Subclasses for the purposes of settlement only:

    a. All individuals who worked for Wells Fargo in the State of California in the job title of Home Mortgage Consultant, Home Mortgage Consultant Jr., Private Mortgage Banker, or Private Mortgage Banker, Jr. at any time between March 17, 2013 and March 31, 2018 ("the Rest Period Subclass").

    b. All individuals who worked for Wells Fargo in the State of California in the job title of Home Mortgage Consultant, Home Mortgage Consultant Jr., Private Mortgage Banker, or Private Mortgage Banker, Jr. at any time between October 27, 2013 and December 31, 2019 ("the Non-Rest Period Subclass").

9. The following persons shall be excluded from the Settlement Class and Subclasses: (1) Jasmine Maggiulli, who has her own pending putative class action in the San Bernardino Superior Court and (2) any HMCs who entered into general release agreements following termination of their employment with Wells Fargo.

10. The Court confirms the appointment of Stevens, LC and Haffner Law PC as Class Counsel.

11. The Court preliminarily concludes that the Settlement Class and Subclasses satisfy all of the requirements for certification, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The Court bases this conclusion on the following findings:

    a. The Court has previously certified the following class in this action,

finding that it met all of the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3): "All non-exempt employees of Wells Fargo who at any time during the period beginning October 27, 2013 through the date notice is mailed to the Class [April 15, 2019] worked for Wells Fargo in California in the job titles of Home Mortgage Consultant, Home Mortgage Consultant, Jr., Private Mortgage Banker, or Private Mortgage Banker, Jr. ("the Class"). Employees who were hired or rehired on or after December 11, 2015 are excluded from the Class." Dkt. 54 at 11.

   b. The Court also previously certified the following subclass in this action, finding that it met all of the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3): "<u>Vacation/Separation Pay SubClass</u>: All non-exempt employees of Wells Fargo who at any time during the period beginning October 27, 2013 through the date notice is mailed to the Class [April 15, 2019] worked for Wells Fargo in California in the job titles of Home Mortgage Consultant, Home Mortgage Consultant, Jr., Private Mortgage Banker, or Private Mortgage Banker, Jr, and whose employment with Wells Fargo terminated. Employees who were hired or rehired on or after December 11, 2015 are excluded from the Class." Dkt. 54 at 11.

   c. The *Ibarra* Court previously certified the following class, finding that it met all of the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3): "All non-exempt employees for Wells Fargo who at any time during the period from March 17, 2013 to August 1, 2017 worked for Wells Fargo in California in the job titles of Home Mortgage Consultant, Home Mortgage Consultant, Jr., Private Mortgage Banker, or Private Mortgage Banker, Jr and were subject to the common compensation plans during this period ("the Class")." *Ibarra*, Dkt. 18.

   d. The proposed Settlement Class and Subclasses encompass all members of the certified classes and subclass in *Kang* and *Ibarra*, with respect to the same claims that were certified in those cases. The proposed Settlement resolves the claims of all Class Members in a single action. The Second Amended Complaint filed in this action to implement the Settlement asserts all claims previously asserted in both *Ibarra* and *Kang*. All certified claims in both cases arise from the identical Wells Fargo compensation structure for HMCs. *Ibarra* and *Kang* involve the identical claim for rest period violations affecting the identical group of employees, only for different time periods. *Kang* also previously alleged non-rest period claims; the

proposed Settlement will enable the *Ibarra* class members to recover for those claims. For the same reasons this Court and the *Ibarra* Court ruled that the classes and subclass could be certified in *Kang* and *Ibarra*, respectively, this Court finds that the combined Settlement Class and Subclasses meet the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3).

e. The Settlement Class and Subclasses are slightly broader than those that were previously certified in *Kang* and *Ibarra*. The class and subclass previously certified in *Kang* excluded HMCs who were employed hired or rehired by Wells Fargo on or after December 11, 2015. Those individuals were excluded because they had signed individual arbitration agreements with respect to their employment with Wells Fargo that prohibited them from participating in class or collective proceedings against Wells Fargo. Those individuals are properly included in the proposed Class and Subclasses for purposes of Settlement because they are similarly situated to other Class and Subclass Members with respect to the Wells Fargo compensation structure under which they were employed. Through the proposed Settlement, Wells Fargo is waiving any right to invoke the arbitration agreements with respect to these claims. Individuals who were employed hired or rehired by Wells Fargo on or after December 11, 2015 and who choose to participate in the Settlement will similarly waive any right to invoke their arbitration agreements with respect to these claims.

11. The Court approves Rust Consulting ("Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

12. The Court finds that the Revised Notice of Settlement, which is attached to this Order as Exhibit 1, comports with Fed. R. Civ. P. 23 and all constitutional requirements, including those of due process. The Court further finds that the Notice adequately advises the Class about the class action; the terms of the proposed Settlement, the benefits available to each Class Member and the proposed fees and costs to Class Counsel; each Class Member's right to object or opt out of the Settlement and the timing and procedures for doing so; preliminary Court approval of the proposed Settlement; and the date of the Final Approval Hearing, as well as the rights of Class Members to file documentation in support of or in opposition to final approval, and to appear in connection with the hearing. The Court further finds that mailing of the Notice

to each Class Member's last known address as supplied by Wells Fargo, with appropriate skip tracing and mail forwarding for Notices that are returned as undeliverable, as specifically described in the Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed Settlement.

13. Within 10 business days after the issuance of this Order, Wells Fargo shall provide the Settlement Administrator with the Class Data List, as specified in the Settlement Agreement.

14. Within 10 business days after receiving the Class Data List, the Settlement Administrator shall mail the Notice to Class Members in the manner specified in the Settlement Agreement.

15. The Response Deadline for objections, requests for exclusion from the Settlement, and disputes regarding dates of employment shall be forty-five (45) days after the Notice is initially mailed to Class Members; provided, however, that the Response Deadline for Notices that are re-mailed shall be the earlier of: (a) thirty (30) days after re-mailing of the Notice; or (b) fifteen (15) days before the date set by the Court for the final approval hearing.

16. The Court orders that any request for exclusion from the Settlement must be postmarked no later than the Response Deadline, and must be received by the Settlement Administrator to be valid. To be valid, the request for exclusion must include the name, address, telephone number, and last four digits of the social security number of the Class Member requesting exclusion, must be signed by the Class Member requesting exclusion, and must contain a statement that clearly conveys the Class Member's request to be excluded from the Settlement Class.

17. Any Class Member who does not timely and validly opt out of the Settlement shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment. The Court shall enjoin any Class Member who does not timely and validly opt out of the Settlement from asserting, instituting or prosecuting in any court or governmental agency, any claims released in the Settlement against Defendant or any other parties released by the Settlement.

18. Any Class Member who does not timely and validly request exclusion from the Settlement may object to the Settlement by submitting a written objection to the Court in accordance with the procedures outlined in the Notice. The objection must be filed with the Court or postmarked no later than the Response Deadline. All written objections and supporting papers must clearly identify the case name and number (*Kang v. Wells Fargo Bank, N.A.*, 17-cv-06220-BLF) and must include the first and last name, address, phone number, and last four digits of social security number for verification purposes of the objecting Class Member, must be signed by the Class Member or Class Member's attorney, and must state the basis of the objection. Objections may be mailed to the attention of the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, or may be filed in person at any location of the United State District Court for the Northern District of California. Any Class Member who does not timely submit such a written objection in accordance with these procedures shall not be permitted to raise such objection, except for good cause shown, and shall be deemed to have waived any objection to the Settlement.

19. The Court will hold a Final Approval Hearing on September 16, 2021 at 9:00 a.m. in Courtroom 3 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, or may be held by videoconference. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Class and Subclasses should be finally certified; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the Class Representative Service Awards should be granted. The Court may continue the date of the Final Approval Hearing without further notice to Class Members.

20. Further proceedings regarding the Settlement shall be filed and served in accordance with the following schedule:

| Event | Date |
| --- | --- |
| Notice of Class Action Settlement mailed to class members | 20 business days after preliminary approval |
| Response Deadline | 45 days after Notice mailing |

-9-
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

| Motion for Final Approval filed | 14 days before Response Deadline, and no later than August 26, 2021 (21 days before Final Approval Hearing) |
|---|---|
| Motion for Attorneys' Fees and Expenses and Class Representative Service Awards filed | 14 days before Response Deadline, and no later than August 26, 2021 (21 days before Final Approval Hearing) |
| Reply Brief(s) in Support of Motions for Final Approval and Attorneys' Fees | 7 days after Response Deadline, and no later than September 9, 2021 (7 days before Final Approval Hearing) |
| Defendant to file declaration verifying that CAFA Notice was provided | September 2, 2021 (14 days before Final Approval Hearing) |
| Hearing on Motions for Final Approval and Attorneys' Fees and Expenses | September 16, 2021, 9:00 a.m. |

21. All proceedings and deadlines in this case, except those necessary to implement this Order and the Settlement, are hereby stayed.

22. The Court orders that if, for any reason, the Court does not grant Final Approval, or if such a Final Approval order is reversed, the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; and this matter will revert to the status that existed before execution of the parties' Stipulation of Settlement, as more specifically set forth in the Settlement Agreement.

23. The Court orders that the Settlement Agreement shall not be construed as an admission or evidence of liability.

IT IS SO ORDERED.

Dated: __April 1__, 2021

_____
Hon. Beth Labson Freeman
United States District Judge