UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES KANG and MICHAEL MOSES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant.<br>_____ | Case No. 17-cv-06220-BLF |
| PATRICIA BARRERAS and JACQUELINE F. IBARRA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 21-cv-00071-BLF<br><br>**ORDER DENYING MOTION TO INTERVENE** |

In this consolidated class action, Plaintiffs claim that Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), has violated California state wage and hour laws with respect to its California-based mortgage sales force, referred to as home mortgage consultants ("HMCs"). The Court granted Plaintiff's motion for preliminary approval of a class action settlement on April 1, 2021. *See* Order Granting Plaintiffs' Motion for Preliminary Approval, ECF 110.[1]  Plaintiffs' motion for

---

[1] The *Kang* and *Barreras* cases have been consolidated, *see* Stipulation and Order, ECF 103, and all relevant documents have been filed in the lower-number *Kang* case. While some filings have been duplicated in the *Barreras* case, this order cites only to the ECF numbers in the *Kang* case.

1  final approval of the class action settlement and Plaintiffs' motion for attorneys' fees are set for
2  hearing on September 15, 2021.  Only one objection to the proposed settlement has been received,
3  from class member Kirk E. Fyson ("Fyson"), who also objects to the motion for attorneys' fees.
4  Plaintiffs' motions for final approval and for attorneys' fees, and Fyson's objections thereto, will
5  be addressed in a separate order after the hearing on those matters.

6  In addition to filing an objection, Fyson has filed a motion to intervene in this action.  That
7  motion is opposed by Plaintiffs and Defendant.  The Court previously submitted the motion to
8  intervene without oral argument.  *See* Order Re Pending Motions and Requests, ECF 129.

9  Fyson's motion to intervene is DENIED for the reasons discussed below.

## I. BACKGROUND

The present action consolidates two class actions that were filed on behalf of HMCs employed by Wells Fargo in California.

*Ibarra*

Jacqueline F. Ibarra and Patricia Barreras filed the first action in the Los Angeles County Superior Court on March 17, 2017, after which it was removed to the United States District Court for the Central District of California.  In that action, *Ibarra v. Wells Fargo Bank, N.A.* ("*Ibarra*"), the plaintiffs alleged several violations of California state labor laws on the part of Wells Fargo. *See Ibarra v. Wells Fargo Bank, N.A.*, No. CV 17-4344 PA (ASX), 2018 WL 5276295, at *1 (C.D. Cal. Sept. 28, 2018).  The parties stipulated to the dismissal of all claims except a claim under California Labor Code § 226.7 for failure to provide or compensate for rest breaks, and a related claim for violation of California's Unfair Competition Law ("UCL").  *See id.*  The parties also stipulated to certification of a class under Federal Rule of Civil Procedure 23(b)(3).  *See id.*  On cross-motions for summary judgment based on stipulated facts, the district court granted summary judgment for Plaintiffs, concluding that Wells Fargo had violated § 226.7.  *See id.*

Under § 226.7(c), "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."  Cal. Lab. Code § 226.7(c).  The *Ibarra* plaintiffs and Wells

1  Fargo disagreed on the proper interpretation of the phrase "regular rate of compensation" as used
2  in § 226.7. The parties stipulated that under the plaintiffs' interpretation classwide damages
3  would total $97,284,817.91, and under Wells Fargo's interpretation classwide damages would
4  total $24,472,114.36. *See Ibarra v. Wells Fargo Bank, N.A.*, 809 F. App'x 361, 365 (9th Cir.
5  2020). The district court adopted the plaintiffs' interpretation and awarded damages in the amount
6  of $97,284,817.91. *See id.*
7       On appeal, the United States Court of Appeals for the Ninth Circuit affirmed on liability
8  but concluded that a determination of damages should be stayed pending the California Supreme
9  Court's anticipated decision with respect to a then-pending appeal in *Ferra v. Loews Hollywood*
10 *Hotel, LLC*, Case No. S259172. *Ferra* was expected to resolve uncertainty regarding the proper
11 interpretation of § 226.7. *See Ibarra*, 809 F. App'x at 365-66. The Ninth Circuit remanded *Ibarra*
12 to the district court with instructions to award $24,472,114.36 in damages for Wells Fargo's
13 violation of § 226.7, as the plaintiffs were entitled to at least that amount pursuant to the parties'
14 stipulation regarding damages. *See id.* The Ninth Circuit further instructed the district court "to
15 stay the remaining $72,812,703.55 in potential stipulated damages pending a decision in *Ferra*."
16 *Id*. at 366. The Ninth Circuit explained, "Although some judicial economy might be lost by
17 remanding to the district court, the fact that the parties have stipulated to alternative damages
18 amounts – leaving only the question of which legal approach to calculating damages is correct –
19 significantly narrows the scope of what remains to be resolved in any further proceedings." *Id*.
20     *Kang* and *Moses*
21      After *Ibarra* was filed, James Kang and Michael Moses filed separate class actions in the
22 United States District Court for the Northern District of California, asserting § 226.7 claims on
23 behalf of HMCs employed by Wells Fargo in California during a later class period than that
24 identified in *Ibarra*, as well as claims for additional violations of California labor laws. The *Kang*
25 and *Moses* actions were consolidated by this Court, and the consolidated action thereafter has
26 proceeded under the *Kang* case number. *See* Order Granting Amended Joint Motion, ECF 63.
27 The Court certified a class in *Kang* prior to consolidation with *Moses*, and thereafter granted a
28 stipulated request to include as a certified claim a rest period claim that had been asserted in

*Moses*. *See id.* The Court thereafter stayed the *Kang* action pending disposition of the appeal in *Ibarra*. *See id.*

*Transfer of Ibarra to the Northern District of California and Consolidation with Kang*

Following the Ninth Circuit's remand of the *Ibarra* action to the Central District of California, the parties stipulated to transfer of *Ibarra* to the Northern District of California. *Ibarra*, now referred to as *Barreras*, was assigned to this Court. Pursuant to the parties' representation that they had reached a global settlement of *Ibarra/Barreras* and *Kang*, this Court consolidated the actions and heard a motion for preliminary approval of the class action settlement. *See* Order Approving Stipulation to Consolidate Cases, ECF 103; Minute Entry, ECF 104. That motion was granted and, as noted above, a hearing on Plaintiffs' motion for final approval of class action settlement, Plaintiffs' motion for attorneys' fees, and Fyson's objection to both motions is set for hearing on September 15, 2021.

*Fyson's Motion to Intervene*

Fyson is an *Ibarra* class member who received monies in the distribution ordered by the Ninth Circuit and effected by the Central District court prior to the transfer of *Ibarra/Barreras* to this Court. He asserts that pursuant to the Ninth Circuit's mandate in *Ibarra*, the Central District court was not authorized to transfer the case to this district to facilitate a global settlement. According to Fyson, the Ninth Circuit's mandate required the Central District court to do nothing but await the California Supreme Court's decision in the *Ferra* appeal and then complete the distribution of class action damages in accordance with that decision. He also asserts that this Court is without authority to approve the global settlement, because doing so would be contrary to the Ninth Circuit's mandate in *Ibarra*.

Fyson has raised these and other points in a twenty-three page memorandum in support of his objection. *See* Fyson Obj., ECF 116 & 117. Plaintiffs have filed a nineteen page memorandum in response, and with permission of the Court both Fyson and Plaintiffs filed five-page supplemental briefs. *See* Fyson Obj., ECF 116 & 117; Pls.' Response, ECF 118; Fyson Suppl. Br., ECF 130. The Court will take up the objection at the hearing on Plaintiffs' motion for final approval and motion for attorneys' fees.

Although he has been given the opportunity to raise his concerns regarding the proposed settlement and attorneys' fees in his objection and the briefing thereon, Fyson nonetheless asserts that he is entitled to intervene in this action to protect his interests. He has filed a motion to intervene as of right under Federal Rule of Civil Procedure 24(a) or, alternatively, for permissive intervention under Federal Rule of Civil Procedure 24(b) or Federal Rule of Civil Procedure 23(d)(1).

## II. LEGAL STANDARD

An applicant seeking to intervene as of right under Rule 24(a) must "make four showings to qualify under this Rule: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (quotation marks and citation omitted).

Even where intervention as of right is unavailable, courts may still permit intervention when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

"A motion to intervene must be served on the parties," it "must state the grounds for intervention," and it must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Rule 23(d)(1) provides in relevant part that in a Rule 23 class action, a court may require "giving appropriate notice to some or all class members" regarding "the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action." Fed. R. Civ. P. 23(d)(1).

## III. DISCUSSION

Applying these standards, the Court has no difficulty concluding that Fyson has failed to establish entitlement to intervene as of right, and that permissive intervention is not warranted.

With respect to intervention as of right, Fyson does have a significant protectable interest in the subject of the action (factor 1), as he is a class member who has received funds pursuant to

the distribution in *Ibarra* and (it appears) will be entitled to additional funds if the proposed global settlement is approved. Disposition of the matter may impair or impede Fyson's ability to protect his interests (factor 2), as he objects to both the motion for final approval of the proposed settlement and the motion for attorneys' fees and contends that he would be entitled to a greater distribution if the Court were to deny those motions.

However, Fyson's motion is untimely (factor 3). "A timely motion is required for the granting of intervention, whether as a matter of right or permissively." *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015). *Kang* was filed in 2017, and Fyson received notice that he is a *Kang* class member in April 2019. *See* Fyson Decl. ¶ 8, ECF 117-1. "While the length of time that has passed since a suit was filed is not, in and of itself, determinative of timeliness, [a] party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." *California Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (quotation marks and citation omitted). Once Fyson was notified of his status as a class member in *Kang*, he was on notice that his rights might be impacted by the case.

The parties reached a global settlement and stipulated to transfer of the *Ibarra/Barreras* action to the Northern District of California in December 2020. *Ibarra/Barreras* was consolidated with *Kang* March 2021 in order to facilitate the global settlement, and Plaintiffs' motion for preliminary approval was granted on April 1, 2021. Fyson received notice of the settlement in the consolidated action in early May, 2021. Fyson nonetheless waited until July 2, 2021 to file his motion to intervene.

The Court finds unpersuasive Fyson's explanation that he did not realize intervention would be necessary until he reviewed Plaintiffs' response to his objections. Given Fyson's demonstrated knowledge regarding *Ibarra* and the Ninth Circuit's decision on that appeal, as well as the sophistication of the arguments raised in these proceedings, it appears that Fyson knew all facts necessary to put him on notice that the present action could impact his rights months ago. More likely, Fyson has monitored the case for years. Under similar circumstances in *Allen*, the Ninth Circuit opined, "We are not persuaded that Objectors' motion was timely, because the

motion was filed after four years of ongoing litigation, on the eve of settlement, and threatened to prejudice settling parties by potentially derailing settlement talks, and especially where Objectors' concerns could largely be addressed through the normal objection process." *Allen*, 787 F.3d at 1218.

Even if Fyson were able to demonstrate that his motion was timely filed, he has not adequately explained why his interests cannot be represented absent intervention (factor 4). As the Ninth Circuit noted in *Allen*, objections to a settlement can be addressed through the normal objection process. *See Allen*, 787 F.3d at 1218. Indeed, the issues that give rise to Fyson's motion to intervene – his contention that approving the proposed settlement would violate the Ninth Circuit's mandate in *Ibarra*, and related issues – are thoroughly addressed in the briefing on his objection. The Court has indicated that it will address those issues in the context of Fyson's objection when it rules on the pending motions for final approval and attorneys' fees. Fyson contends that he needs additional discovery to adequately protect his interests in this case. But he has not identified the proposed discovery with specificity, nor explained why discovery is necessary to evaluation of Plaintiffs' motions for final approval and attorneys' fees. If the Court finds that it needs additional information, which is unlikely given the robust briefing provided by the parties and Fyson, the Court can request that such information be provided.

In his supplemental briefing, Fyson contends that intervention is required to permit him to raise and explore the impact of a supposedly secret side deal, the *Hallman* settlement. Fyson does not adequately explain why he could not have raised the *Hallman* issue earlier, nor does he explain why the *Hallman* issue cannot be addressed through "the normal objection process." *Allen*, 787 F.3d at 1218.

The Court notes that Fyson's motion to intervene was not accompanied by a pleading that sets out the claim or defense for which intervention is sought, as required under Rule 24(c). The Court does not deny the motion to intervene on this basis.

Because Fyson's motion to intervene is untimely, and because his concerns adequately are raised in his objection and the briefing thereon, his motion to intervene pursuant to Rule 24(a) is DENIED. For the same reasons, his motion for permissive intervention under Rule 24(b) also is

DENIED. Fyson's motion references Rule 23(d)(1), which grants the Court authority to require that some or all class members be given an opportunity to indicate whether they consider the class representation to be fair and adequate, or to intervene. Fed. R. Civ. P. 23(d)(1). Beyond citing this provision, Fyson offers no argument on its applicability here. To the extent it has discretion to allow Fyson to intervene under Rule 23(d)(1), the Court declines to exercise such discretion in this case. Accordingly, Fyson's motion for permissive intervention under Rule 23(d)(1) is DENIED.

The Court emphasizes that in denying Fyson's motion to intervene, the Court has not made any determinations as to the merits of the concerns Fyson raises. Those concerns, which are explained in detail in Fyson's objection and the briefing thereon, are taken seriously by the Court and will be addressed when the Court rules on Plaintiffs' motions for final approval and attorneys' fees.

## IV. ORDER

Fyson's motion to intervene is DENIED.

Dated: September 14, 2021

_____
BETH LABSON FREEMAN
United States District Judge