Nancy Gray (SBN 150214)
ngray@grayfirm.com
Gray & Associates, PC
11500 West Olympic Blvd. Suite 400
Los Angeles, CA 90064
Tel: (310) 452-1211
Fax:(888) 729-2402

Justin L. Swidler, admitted *pro hac vice*
jswidler@swartz-legal.com
Swartz Swidler LLC
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417

Robert D. Soloff, admitted *pro hac vice*
robert@solofflaw.com
Robert D. Soloff, P.A.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 472-0002
Fax: (954) 472-0052

Marc A. Silverman, admitted *pro hac vice*
msilverman@fwblaw.net
Frank Weinberg Black, P.L.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 474-8000
Fax: (954) 474-9850

Attorneys for Objector, Kirk Fyson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. KANG, *et al.* | Case No.: 5:17-cv-06220-BLF |
| Plaintiffs, | Case No. 5:21-cv-00071-BLF |
| v. | Judge: Hon. Beth Labson Freeman |
| WELLS FARGO BANK, N.A., *et al* | Ctrm: 3 |
| Defendants. | |

| | |
|---|---|
| PATRICIA BARRERAS, *et. al.,*<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*<br><br>Defendants. | **OBJECTOR FYSON'S NOTICE OF MOTION, MOTION FOR ATTORNEY'S FEES AND SERVICE PAYMENT AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION** |

## I. NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT** Objector Kirk Fyson ("Fyson") hereby moves the Court, located at 280 South 1st Street, San Jose, CA 95113, Courtroom 3, for an Order granting Fyson's motion to: (1) award reasonable attorney's fees to Objector Fyson's counsel of $583,636, constituting 22% of the benefit conferred to the Class; and (2) award Objector Fyson a reasonable service payment of $3,500 for the services he provided on behalf of the class. The basis for this request is fully briefed in the attached Memorandum of Points and Authorities and Exhibits attached thereto.

Dated: December 22, 2021  SWARTZ SWIDLER, LLC

By: */s Justin L. Swidler*
Justin L. Swidler, admitted *pro hac vice*
jswidler@swartz-legal.com
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ 08003

**MEMORANDUM OF POINTS & AUTHORITIES**

**IN SUPPORT OF OBJECTOR FYSON'S MOTION FOR**

**ATTORNEY'S FEES AND SERVICE PAYMENTS**

**TABLE OF CONTENTS**

I.    INTRODUCTION AND FACTUAL BACKGROUND ........................................................................1

II.   LEGAL STANDARD FOR ATTORNEY'S FEE AWARDS TO OBJECTORS..............................2

III.  OBJECTOR COUNSEL'S FEE REQUEST IS REASONABLE AND SHOULD BE AWARDED...........................................................................................................................................3

IV.   THE COURT SHOULD AWARD OBJECTOR FYSON A REASONABLE SERVICE PAYMENT............................................................................................................................................4

V.    CONCLUSION .......................................................................................................................................5

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*In re Bluetooth Headset Prod. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011)...........................................................................................................3
*In re Easysaver Rewards Litig.,* No. 09-cv-02094-BAS-WVG, 2021 U.S. Dist. LEXIS 13119, at *10
  (S.D. Cal. Jan. 22, 2021) ...........................................................................................................3, 4
*In re Optical Disk Drive Prods. Antitrust Litig*., No. 10-md-02143-RS, 2021 U.S. Dist. LEXIS 171405,
  at *24 (N.D. Cal. Sep. 9, 2021)......................................................................................................3
*Marshall v. Northrop Grumman Corp.*, No. 2:16-cv-06794-AB-JCx, 2020 U.S. Dist. LEXIS 177054, at
  *15 (C.D. Cal. Sep. 18, 2020).........................................................................................................5
*Reyes v. Experian Info. Sols., Inc.*,
  856 F. App'x 108 (9th Cir. 2021) ...................................................................................................4
*Reynolds v. Beneficial Nat. Bank*,
  288 F.3d 277 (7th Cir. 2002)..........................................................................................................3
*Rodriguez v. Disner*,
  688 F.3d 645 (9th Cir. 2012).....................................................................................................2, 3
*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002)........................................................................................................2

## I. INTRODUCTION AND FACTUAL BACKGROUND.

In conjunction with the class settlement, Class Counsel sought fees totaling one-third of the settlement amount, $31,898,707. Ultimately, the Court awarded fees of $21,053,146.92, increasing the net settlement fund by more than $10.8 million, or more than $2,000 per class member. Because Fyson's objections significantly contributed to the fee reduction, Fyson requests fees for his counsel as a percentage of the benefit conferred to the class. Fyson further seeks a service payment to reward him for his efforts which benefitted the class.

The Court expressed concerns regarding the proposed settlement agreement during the March 18, 2021 preliminary approval hearing, including concerns about the amount of the fee request, and the ability of Class Counsel to withhold payments to class members pending an appeal by Class Counsel of the Court's fee award. Following that hearing, the Parties modified several terms to remedy issues raised by the Court. *See* ECF 109. Importantly however, the Parties did not modify the provision that Class Counsel would seek one-third of the settlement as fees. *Id.* at ECF pg 15, ¶ 37. Similarly, the Parties did not modify the provision authorizing the partial withholding of payments to class members pending a fee appeal. *Id.* at ¶ 46. The Court preliminarily approved the modified agreement on April 1, 2021. (ECF 113).

Two months later, on May 28, 2021, Class Counsel filed Plaintiffs' Motion for Final Approval and Attorney's Fees, and sought fees of one-third of the claimed settlement, $31,898,707. Motion for Attorney's Fees and Costs (ECF 114). Despite the Court's concerns expressed at the preliminary approval hearing, Class Counsel did not reduce the fee request in that motion. Instead, Class Counsel argued the lodestar multiplier should not affect the Court's fee award. *See* Motion for Attorney's Fees and Costs at 24:27-24:28 (ECF 114) ("The fact that the lodestar is relatively modest, resulting in a cross-check of 8.3, is not reason to reduce the overall percentage-of-the-fund fee award from the one-third agreed to in the settlement…").

Fyson filed his Notice of Objection to the settlement and fee request on June 14, 2021, and the next day filed his memorandum of law in support. (ECF 116, 117). Only after Fyson objected--in Class Counsel's formal *response* to Fyson's objection--did Class Counsel finally withdraw its fee request of one-third of the total settlement amount, and agree to reduce its fee request to 25%. December 8, 2021 Order at 28:3-28:11 (ECF 145) ("Plaintiffs reduced their request in their Response to Objector

Fyson."). This reduction increased the net settlement fund to class members by $7,958,677 (reduction from one-third, $31,898,707, to 25%, $23,924,030).

Class Counsel claims the fee reduction was caused not by Fyson's objections, but instead because they had "given further thought to the serious reservations the Court had expressed at the preliminary approval hearing…" *Id.* Though Class Counsel does not explicitly acknowledge it, the timing of the fee request reduction--only after Fyson's objection was filed and in direct response thereto--strongly supports a finding that the fee reduction concession was caused by Fyson's objections. Indeed, in the months between the preliminary hearing and the final approval motion, Class Counsel made no concession. Instead, Class Counsel responded to the Court's concerns--not by reducing the request--but by arguing that the high lodestar multiplier did not merit a reduction. Only in direct response to Fyson's objection did Class Counsel agree to reduce their fee request by $7,958,677.

Following the final approval hearing, and after consideration of the objections, the Court reduced the fee to Class Counsel an additional 3%, netting the Class a further, additional benefit of $2,886,885. *Id.* at 30:23-30:24. The total amount of both reductions increases the amount available to class members by more than $10.8 million.

Fyson's arguments were significant, both in obtaining the concession from Class Counsel, and in the Court's evaluation of the reasonableness of Class Counsel's fee request. *See* Trans. of Sept. 15, 2021 Hearing at 19:4-19:5 ("I wanted to wait to talk about the actual fee amount because it is a significant part of the objection."). Importantly, because Class Counsel's initial $8 million fee reduction was by concession, Class Counsel cannot appeal the reduction to 25%. Even if Class Counsel were to file an appeal regarding the Court's reduction from 25% to 22%, the $8 million reduced by concession will not be withheld from an initial distribution per the settlement agreement. *See* Settlement Agreement at ¶ 46 (ECF 109). Additionally, Fyson's objections significantly reduce the likelihood of Class Counsel filing an appeal from the Court's partial denial of Class Counsel's (reduced) fee request.

## II. LEGAL STANDARD FOR ATTORNEY'S FEE AWARDS TO OBJECTORS.

Ninth Circuit authority makes clear objectors who cause "an increase to the common fund… may claim entitlement to fees on the same equitable principles as class counsel." *Rodriguez v. Disner*, 688 F.3d 645, 658–59 (9th Cir. 2012), citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002).

Entitlement to fees "require … that the objectors produce an improvement in the settlement worth more than the fee they are seeking; otherwise they have rendered no benefit to the class. *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002), quoted in *Rodriguez*, 688 F.3d at 659.

Where an objector's efforts result "in a readily quantifiable benefit to the class … the percentage method is appropriate." *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143-RS, 2021 U.S. Dist. LEXIS 171405, at *24 (N.D. Cal. Sep. 9, 2021), citing *In re Easysaver Rewards Litig.*, No. 09-cv-02094-BAS-WVG, 2021 U.S. Dist. LEXIS 13119, at *10 (S.D. Cal. Jan. 22, 2021) ("This approach makes sense. It ties Objector's fee award to the benefit he obtained for the class and aligns their interests."); *see also* Court Order Partially Granting Attorney's Fees at 26-27 (ECF 145) ("In common fund cases, it is appropriate to use a percentage calculation with a lodestar cross-check… The recognized advantages of the percentage method … render the percentage method a valuable tool.") (citations omitted).

### III. OBJECTOR COUNSEL'S FEE REQUEST IS REASONABLE AND SHOULD BE AWARDED.

Objector Fyson seeks fees on the same equitable principles as Class Counsel, and at the same percentage, 22%. Fyson recognizes the Court independently voiced concerns regarding Class Counsel's fee request at the preliminary approval hearing. Nevertheless, the record detailed above establishes Fyson's efforts significantly contributed to the substantial reduction in fees, including the nearly $8 million in initially requested fees waived by Class Counsel in direct response to Fyson's objection. Recognizing his objection significantly contributed to the reduction, but was not the sole cause, Fyson reasonably requests acknowledgment that his objections benefited the class no less than $2,652,892 -- one-third (⅓) of the $7,958,677 in fees Class Counsel waived in direct response to his objection. Fyson does not seek fees attributable to the Court's additional $2.8 million reduction of Class Counsel's fee request.

Consistent with the percentage awarded to Class Counsel, Fyson seeks fees of 22% of the benefit he conferred to the Class ($2,652,892 benefit x 22%), totaling $583,636.

This fee request is reasonable. First, the percentage is identical to the percentage awarded to Class Counsel, and is below the Ninth Circuit benchmark of 25%. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (identifying "25% of the fund as the 'benchmark' for a reasonable

fee award"); *Reyes v. Experian Info. Sols., Inc.*, 856 F. App'x 108, 110 (9th Cir. 2021) ("25% of the fund is the 'benchmark'"). Second, Fyson only seeks credit for a modest amount of the $10.8 million fee reduction, rather than seeking a percentage as to all or most of the $10.8 million fee reduction to which his objections contributed. Finally, the lodestar crosscheck further demonstrates the reasonableness of the fee.

As provided in the attached declarations, Objector counsel expended a total of 450.9 hours litigating Fyson's' objection and related motions. *See* Exhibit 1-A attached to Decl. of Justin L. Swidler; *see also* Declarations of Justin Swidler, Robert Soloff, Marc Silverman, and Nancy Gray attached as Exhibits 1, 2, 3, and 4. Nevertheless, Objector Counsel has removed from the lodestar calculation 184.8 hours which were spent on efforts related to Fyson's motion to intervene, Fyson's motion to enforce the mandate, and Fyson's supplemental filing related to *Hallman*. *Id.* After removing such hours, Objector Counsel seeks compensation based on 266.1 hours of their work.

Objector Counsel seeks reasonable rates based on their experience, as detailed in their declarations, and seeks rates commensurate with Class Counsel's hourly rates approved by the Court. Objector Counsel seeks the following rates: $875/hour for Mr. Swidler; $950/hour for Mr. Soloff, $900/hour for Mr. Silverman, and $950/hour for Ms. Gray.

Based on the aforementioned rates and hours, the total base lodestar is: $241,932. Exhibit 1-A. The requested fee of $583,636 yields a reasonable lodestar multiplier of 2.41. As this Court recognized in its prior Order, lodestar multipliers of 1 to 4 are commonly approved in this district in wage and hour cases. December 8, 2021 Order at 19 (ECF 145) ("Ninth Circuit has recognized that multipliers generally range from 1 to 4. District courts within the Ninth Circuit commonly apply multipliers in that range in California wage and hour class actions.")

Accordingly, the lodestar multiplier confirms the reasonableness of the fee requested.

### IV. THE COURT SHOULD AWARD OBJECTOR FYSON A REASONABLE SERVICE PAYMENT.

Where an objector's efforts have benefitted the class, courts in this circuit regularly grant modest incentive awards to objecting class members. *See, e.g., In re Easysaver Rewards Litig.*, 2021 U.S. Dist.

LEXIS 13119, at *13 (S.D. Cal. Jan. 22, 2021); *Marshall v. Northrop Grumman Corp.*, No. 2:16-cv-06794-AB-JCx, 2020 U.S. Dist. LEXIS 177054, at *15 (C.D. Cal. Sep. 18, 2020)

Objector Fyson seeks a service payment of $3,500 in recognition of his services to the class. As provided in the attached declaration of Kirk Fyson, Mr. Fyson spent a significant amount of his time conferring with Objector Counsel. Fyson Decl., attached as Exhibit 5. At all times, Fyson has acted in good faith and, through objecting, significantly improved the settlement on behalf of the class. *Id.*

The service payment requested for Mr. Fyson is significantly less than the amounts provided to the Named Plaintiffs, and is especially fair considering the significant benefit Fyson's objections conferred to the Class. Moreover, Objector's counsel does not object to the Court reducing any fee award to Objector's counsel by the amount it provides Objector Fyson, so his service payment does not impact allocation of any settlement funds.

Accordingly, the Objector respectfully requests the Court provide the service payment requested.

## V. CONCLUSION.

For the reasons set forth herein, Objector Fyson respectfully requests the Court grant his Motion for Attorney's Fees and Service Payment.

Respectfully submitted,

Dated: December 22, 2021      */s Justin L. Swidler*

Justin L. Swidler, admitted *pro hac vice*
jswidler@swartz-legal.com
Swartz Swidler LLC
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ 08003
Tel:   (856) 685-7420
Fax:   (856) 685-7417

Robert D. Soloff, admitted *pro hac vice*
robert@solofflaw.com
Robert D. Soloff, P.A.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 472-0002
Fax: (954) 472-0052

Nancy Gray (SBN 150214)
ngray@grayfirm.com
Gray & Associates, PC
11500 West Olympic Blvd.

Suite 400
Los Angeles, CA 90064
Tel: (310) 452-1211
Fax:(888) 729-2402

Marc A. Silverman, *admitted pro hac vice*
msilverman@fwblaw.net
Frank Weinberg Black, P.L.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 474-8000
Fax: (954) 474-9850