Nancy Gray (SBN 150214)
ngray@grayfirm.com
Gray & Associates, PC
11500 West Olympic Blvd. Suite 400
Los Angeles, CA 90064
Tel: (310) 452-1211
Fax:(888) 729-2402

Justin L. Swidler, admitted *pro hac vice*
jswidler@swartz-legal.com
Swartz Swidler LLC
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ  08003
Tel:  (856) 685-7420
Fax:  (856) 685-7417

Robert D. Soloff, admitted *pro hac vice*
robert@solofflaw.com
Robert D. Soloff, P.A.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 472-0002
Fax: (954) 472-0052

Marc A. Silverman, admitted *pro hac*
msilverman@fwblaw.net
Frank Weinberg Black, P.L.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 474-8000
Fax: (954) 474-9850

Attorneys for Objector, Kirk Fyson

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. KANG, an individual, MICHAEL MOSES, and individual, et. al. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendant | Case No.: 5:17-cv-06220-BLF<br>Case No. 5:21-cv-00071-BLF<br><br>**OBJECTOR'S REPLY MEMORANDUM IN SUPPORT OF OBJECTOR FYSON'S MOTION FOR ATTORNEY'S FEES AND SERVICE PAYMENT** |

| | |
|---|---|
| PATRICIA BARRERAS, an individual, JACQUELINE F. IBARRA, an individual, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., and DOES 1 through 10 inclusive, <br><br> Defendant. | Judge: Hon. Beth Labson Freeman <br> Ctrm: 3 <br> Date: September 15, 2021 <br> Time: 9:00 a.m. |

# OBJECTORS'S REPLY MEMORANDUM IN SUPPORT OF OBJECTOR FYSON'S MOTION FOR ATTORNEY'S FEES AND SERVICE PAYMENT

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL ARGUMENT ...........................................................................................................1

    A. Fyson's objections caused Plaintiffs' waiver of more than $8 million in requested fees. ..............1

    B. The Court should award fees as a percentage of the benefit Fyson caused. ...................................2

    C. Fyson should be awarded a service payment. ...................................................................................3

# TABLE OF AUTHORITIES

**Cases**

*In re Homestore.com, Inc. Sec. Litg.*,
  No. C01-11115 MJP (CWx), 2004 U.S. Dist. LEXIS 25234 (C.D. Cal. Aug. 10, 2004) .................................. 2
*In re Optical Disk Drive Prods. Antitrust Litig.*,
  No. 2143, 2021 U.S. Dist. LEXIS 171405 (N.D. Cal. Sept. 9, 2021) ............................................................ 2-3
*Nonbargained Program*
  F. Supp. 2d 950 (N.D. Cal. 2013) ................................................................................................................ 1, 2
*Rodriguez v. Disner*,
  688 F.3d 645 (9th Cir. 2012) ........................................................................................................................ 2

## I. INTRODUCTION

Plaintiffs argue that Fyson's request should be denied because: (1) his objections did not benefit the class and (2) as an objector, Fyson may not be awarded fees as a percentage of the benefit he conferred, but only may be provided a reasonable lodestar.

Plaintiffs are incorrect. First, because Fyson only seeks fees for a percentage of the financial benefit his objections provided to the class, *if* Plaintiffs' incorrect argument that Fyson provided no benefit were accepted, then Fyson's request for a percentage of the benefit would result in *less* fees than lodestar. Nevertheless, his objections directly increased the classes' recovery because his objections caused Class Counsel to reduce its fee request by nearly $8 million. And as a result of Fyson's objections, Class Counsel has waived any appeal of the Court's fee award, which is $10.8 million less than requested in late May of 2021, immediately prior to Fyson's objections.

## II. LEGAL ARGUMENT

### A. Fyson's objections caused Plaintiffs' waiver of more than $8 million in requested fees.

Plaintiffs and Fyson agree the Court should award Fyson fees only upon finding his objections benefitted this class. Plaintiffs also agree under the catalyst theory doctrine, Fyson may claim credit for Class Counsel's waiver of fees *if* such waiver occurred because of Fyson's objections. Opp. 2:10-2:19 (ECF 150); *see also Barnes v. AT&T Pension Benefit Plan - Nonbargained Program*, 963 F. Supp. 2d 950, 963 (N.D. Cal. 2013) (The catalyst theory "posits that, for purposes of determining an award of attorneys' fees, a [party] prevails if he achieves the desired outcome of litigation even if it results from a voluntary change..."). Thus, the Parties agree the Court should decide whether Fyson's objections caused Class Counsel to waive $8 million in requested fees, and second, whether that waiver benefitted the Class.

Plaintiffs argue that Fyson's objections did not cause Class Counsel to reduce their fee request. Opp. 2:10-2:14. The timing of the concession demonstrates that even if Fyson's objections were not the sole consideration for Class Counsel's waiver of $7,958,677 in fees, they were the proverbial "straw that broke the camel's back" which finally caused Class Counsel to reduce their fee request. Specifically, following the March 2021 preliminary approval hearing, the Parties modified the settlement agreement, but Class Counsel continued to seek $31.8 million in fees. (ECF 109, ¶37). The notice to the class— finalized *after* the preliminary approval hearing and mailed over a month after the hearing—also stated


Class Counsel would seek $31.8 million in fees. *Id.* at 38. Finally, Class Counsel's motion for fees, filed in late May of 2021, continued to seek and argue for $31.8 million in fees *despite* the Court's concerns voiced at the preliminary approval hearing. (ECF 114, 24:27-24:28). Only *after* Fyson filed his objections in June of 2021, and *only* in Plaintiffs' opposition to Fyson's objections, did Class Counsel modify its fee request, and thereby waive any ability to recover fees of $7,958,677. Thus, Plaintiffs' argument that Fyson was not the reason they reduced their fee request is belied by the clear record.

Moreover, Fyson has not requested fees based on the full $8 million fee reduction of Class Counsel, but instead only on **one-third** of such reduction. In so doing, Fyson seeks the Court recognize his objections were a significant cause—though not necessarily the sole cause—of the fee reduction. Even if the Court finds the fee reduction occurred both because of the Court's statements during the preliminary approval hearing *and* Fyson's objections, Fyson's objections were still a necessary cause of the reduction (as evidenced by Class Counsel's consistent requests for one-third until responding to Fyson's objections), and his objections were thus a catalyst in obtaining that reduction.

Class Counsel further argues Fyson's objections made no difference because the Court would have awarded the same fee regardless of Class Counsel's fee waiver of $7,958,677. Plaintiffs' assertion is purely hypothetical and misses the mark. The settlement agreement explicitly authorized Class Counsel to appeal any fee award—as they previously had done—and to withhold distribution pending the appeal. Fyson's efforts rendered the $7,958,677 fee reduction beyond appeal, a significant benefit to the Class regardless of how the Court might have ruled in the absence of such waiver.

Thus, Fyson respectfully requests the Court find his objections resulted in a fee reduction – and gain to the Class distribution - benefitting the Class at least $2,652,892, *i.e.,* one third of the waived fees.

**B.    The Court should award fees as a percentage of the benefit Fyson caused.**

Fyson's fee request is reasonable. As Fyson explained in his moving papers, Objectors who provide a financial benefit to class members are entitled "to fees on the same equitable principles as class counsel." *Rodriguez v. Disner*, 688 F.3d 645, 658-59 (9th Cir. 2012). Though Class Counsel objects to awarding Objector Counsel fees under percentage-of-the-benefit doctrine (versus lodestar), neither case cited by Plaintiffs is contrary to Fyson's authority that the percentage method is preferable where an objector's efforts results in a quantifiable benefit to the class. *See* Opp. at 4:26-4:27, citing *In re Riverstone*

*Networks, Inc.*, 256 Fed. Appx. 168 (9th Cir. 2007) (holding that in awarding *lodestar*, court's finding that risk multiplier was not appropriate was not an abuse) and *In re Homestore.com, Inc.*, 2004 U.S. Dist. LEXIS 25234 (C.D. Cal. 2004) (objector requested and was awarded fees based on lodestar where objection did not increase financial recovery of class; no justification provided for multiplier on lodestar award); *see also In re Optical Disk Drive Prods. Antitrust Litig.*, 2021 U.S. Dist. LEXIS 171405, at *24 ("Were [objector] seeking fees on a lodestar basis, the showing indeed would be insufficient. As noted, however, he requests a percentage-based fee award. Because [objector's] efforts resulted in a readily quantifiable benefit to the class… the percentage method is appropriate.")

As to the lodestar calculation, Plaintiffs do not object to the reasonableness of Objector Counsel's hourly rates; they solely object to the number of hours expended. As this Court is aware, this is a highly complicated case with a complex history. Objector Counsel, like any counsel hired after substantial litigation, necessarily spent significant time learning the entire file, which ensured Fyson's objections would be impactful and benefit Fyson and the class. As stated in the final approval order: "Mr. Fyson's counsel participated fully in [both final approval hearings]... All counsel were exceptionally well-prepared and the oral argument was of great assistance to the Court..." (ECF 145 at 8:13-8:16).

Nevertheless, Objector Counsel does not seek payment based on lodestar—the lodestar is provided only to demonstrate the reasonableness of the percentage recovery. Even if the lodestar were reduced to $145,909[1]--a reduction of 40%--the lodestar crosscheck would yield a 4x multiplier, and it would not affect the reasonableness of the Objector's requested fee.

### C. Fyson should be awarded a service payment.

Plaintiffs argue awarding Fyson service payment would encourage "meritless objections." Opp. at 5:28. The Court found that Fyson assisted the Court. (ECF 145 at 2:1-2:3). Most importantly, in direct response to Fyson's objections, Class Counsel waived $8 million in requested fees. Finally, as Objector Counsel has requested the Court to reduce their fee award by the amount of the service payment, Fyson's service payment will not reduce the class distribution. For the reasons provided, Fyson respectfully requests the Court award the requested fees and $3,500 service payment.

---

[1] Fyson included 266.1 hours in his calculated lodestar, after removing 189 hours (42% of all hours worked by his counsel) from counsel's timesheets, resulting in a lodestar of $241,932, resulting in a lodestar crosscheck multiplier of 2.41.

3
OBJECTOR'S REPLY MEMO. ISO MOTION FOR ATTORNEY'S FEES AND SERVICE PAYMENT
5:17-cv-06220-BLF

Respectfully submitted,

Dated: January 11, 2022        /s Justin L. Swidler

Justin L. Swidler, admitted *pro hac vice*
jswidler@swartz-legal.com
Swartz Swidler LLC
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ  08003
Tel:     (856) 685-7420
Fax:    (856) 685-7417

Robert D. Soloff, admitted *pro hac vice*
robert@solofflaw.com
Robert D. Soloff, P.A.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 472-0002
Fax: (954) 472-0052

Nancy Gray (SBN 150214)
ngray@grayfirm.com
Gray & Associates, PC
11500 West Olympic Blvd. Suite 400
Los Angeles, CA 90064
Tel: (310) 452-1211
Fax:(888) 729-2402

Marc A. Silverman, *pro hac* forthcoming
msilverman@fwblaw.net
Frank Weinberg Black, P.L.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 474-8000
Fax: (954) 474-9850